# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILBERT BRYANT,

        Plaintiff

v.

CLARK COUNTY, et al.,

        Defendants

Case No. 2:19-cv-00267-JAD-DJA

**Order Dismissing Action and Closing Case**

      Plaintiff Wilbert Bryant, who is currently incarcerated in Utah, brings this civil-rights action under 42 U.S.C. § 1983, claiming that his constitutional rights were violated while he was a pretrial detainee at the Clark County Detention Center (CCDC). Bryant applies to proceed *in forma pauperis*. Based on the information he has supplied about his financial status, I find that Bryant is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915, so I grant his request.[1] This means that he will not be required to prepay the filing fee, but he remains responsible for paying the full $350.00 filing fee in payments when he has funds available.

      That obligation to pay the full filing fee remains in force even though the court is now dismissing this case. On September 18, 2019, I issued an order dismissing his first amended complaint with leave to file a second amended complaint by October 18, 2019.[2] That deadline expired without a second amended complaint or a request to extend the deadline to file it. The court expressly warned Bryant in bold type that if he failed to file an amended complaint by that deadline, "**this action will be dismissed.**"[3]

---

[1] ECF No. 5.

[2] ECF No. 10 at 13.

[3] *Id*. (emphasis original).

1

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[8] Plaintiff was expressly warned

---

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

that his case would be dismissed if he failed to file an amended complaint by the court-ordered deadline.[9]

Accordingly, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis without having to prepay the full filing fee **[ECF No. 5] is GRANTED**. Plaintiff need not pay an initial installment fee, but he remains obligated to pay the full $350.00 filing fee over time. To ensure that payment, IT IS FURTHER ORDERED under 28 U.S.C. § 1915(b)(2) that the Utah Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Wilbert Bryant, #89960, in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action.

IT IS FURTHER ORDERED that **this action is DISMISSED** without prejudice.

The Clerk of Court is directed to ENTER JUDGMENT accordingly, CLOSE THIS CASE, and SEND a copy of this order to the attention of Brian Allgaier, Offender Accounting 14717 South Minuteman Dr., Draper, Utah, 84020.

Dated: October 29, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[9] ECF No. 10 at 13.