# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Wilbert Bryant,<br><br>  Plaintiff<br><br>v.<br><br>Clark County, et al,<br><br>  Defendant | Case No.: 2:19-cv-00267-JAD-DJA<br><br>**Order Denying Motions for Reconsideration and Appointment of Counsel**<br><br>[ECF Nos. 13, 14] |

When I screened Bryant's first amended complaint a year ago, I gave him to leave to amend his conditions-of-confinement claim and his self-incrimination claim by October 18, 2019, though it appeared unlikely that he would state a claim, much less succeed on one.[1] In that same order, I denied Bryant's motions for appointment of counsel.[2] Eleven days after that deadline passed, when Bryant had failed to file an amended complaint, I dismissed this case.[3] Bryant then filed a motion for reconsideration of the order dismissing and closing his case, and he requests the appointment of counsel to amend his claims.[4] I deny both motions.

## Discussion

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision."[5] Reconsideration is appropriate if this Court "(1) is presented

---

[1] ECF No. 10 at 13.

[2] *Id.*

[3] ECF No. 11.

[4] ECF Nos. 13, 14.

[5] *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[6]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[7]

      I dismissed Bryant's case because he failed to file a second amended complaint by the court-ordered deadline.[8]  In his motion for reconsideration, Bryant claims that the Utah Department of Corrections has no law library, lawbooks, court rule books, code books, or statutes and does not have a contract attorney to provide legal services to him.[9]  However, Bryant does not claim that it is legally improper for a court to dismiss a case when a plaintiff does not file an amended complaint as ordered by the court, nor does he claim that he actually filed a second amended complaint.  Thus, there is no basis for reconsideration of my decision to dismiss Bryant's action.

      Even if I were to construe the motion for reconsideration of the dismissal order as a motion for an extension of time to file an amended complaint, I would deny it.  Nevada Local Rule of Practice IA 6-1(a) states that a request for an extension of time made after the expiration of the specified period "will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."[10]  Excusable neglect is an equitable question for the court, answered by considering "all relevant

---

[6] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[7] *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

[8] ECF No. 11.

[9] ECF Nos. 13 at 3.

[10] Nev. Loc. R. IA 6-1.

2

circumstances surrounding the party's omission."[11]  Courts use these factors to determine whether a party's omission should be considered excusable neglect: the danger of prejudice to the other party; the length and impact of the delay on judicial proceedings; the reason for delay and whether it was reasonably within the party's control; and whether the party acted in good faith.[12]

Bryant does not offer a valid reason for why he did not file an amended complaint before the deadline, and he did not file an amended complaint with his motion for reconsideration. Even if Bryant had no access to an attorney or law books, this would not be a reason for him to fail to file <u>any</u> second amended complaint by the deadline because my screening order provided Bryant with the relevant law required to amend his claims.[13]  Prisoners proceeding pro se regularly timely file amended complaints based on the law and instructions I provide them in my screening orders.  Therefore, I find that, although there is little danger of prejudice to the other party, there was an indefinite delay on judicial proceedings, that delay was within Bryant's control, and he has not provided a good-faith reason for the failure to meet the deadline.  So, I find no excusable neglect.

## Conclusion

IT IS THEREFORE ORDERED that Bryant's motion for reconsideration of the dismissal order **[ECF No. 13] is DENIED,** and his new motion for appointment of counsel **[ECF No. 14] is DENIED** as moot.

_____
U.S. District Judge      9-16-2020

---

[11] *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Svcs. Co. v, Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[12] *Briones*, 116 F.3d at 381.

[13] ECF No. 10 at 5–8, 10–11.